IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN NEWBERRY, | ) | 8:08CV320 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TERRY O'BRIEN, (Warden), and | ) | |
| DIRECTOR OF B.O.P, (name | ) | |
| unknown), | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court for initial review of Petitioner John Newberry's Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.)

Petitioner seeks relief from a federal criminal conviction pursuant to 28 U.S.C. § 2241. However, claims brought pursuant to 28 U.S.C. § 2241 may only be brought "in the district in which [the prisoner] is confined." *United States v. Leath*, 711 F.2d 119, 120 (8th Cir. 1983) (dismissing case for lack of jurisdiction under 28 U.S.C. § 2241). Petitioner is presently confined in a federal facility in Pine Knot, Kentucky. (Filing No. 3 at CM/ECF p. 1.) This court therefore lacks jurisdiction and this matter must be dismissed without prejudice to reassertion in the jurisdiction in which Petitioner is confined.

However, Plaintiff was convicted and sentenced in the United States District Court for the District of Nebraska. (*See* Case No. 8:02CR285.) Thus, Petitioner may have intended to pursue his claims as a motion brought pursuant to 28 U.S.C. § 2255. Rather than simply recharacterize the Petition as a motion under 28 U.S.C. § 2255, the court "must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the

litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 382 (2003). Petitioner is so warned.

IT IS THEREFORE ORDERED that:

1. Petitioner shall have until **November 14, 2008**, to inform the court whether he wishes to treat his Petition as a motion brought pursuant to 28 U.S.C. § 2255. If Petitioner asks the court to recharacterize his Petition as a motion brought under 28 U.S.C. § 2255, he should also indicate whether he would like to amend his Petition to contain all § 2255 claims.

2. If Petitioner fails to respond, in accordance with this Memorandum and Order, this matter will be dismissed without prejudice to reassertion in the jurisdiction in which Petitioner is confined.

3. The Clerk of the court is directed to set a pro se case management deadline with the following text: November 14, 2008: Check for Petitioner's response regarding conversion to 2255 and dismiss case if none filed.

October 14, 2008.                BY THE COURT:


                                 s/ Joseph F. Bataillon
                                 Chief United States District Judge